# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Aaron R. Freeman, | ) | Case No. 25-11315 (BLS) |
| | ) | |
| Debtor. | ) | |

## 2nd AMENDED CHAPTER 13 PLAN

**I. Notice**

NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING:

**N/A** **The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor**

**N/A** **The plan will seek avoidance of a lien or security interest**

**N/A** **The plan contains nonstandard provisions in paragraph VI**

**II.** **Plan payments and length of Plan:** The future earnings of the Debtor are submitted to the supervision and control of the court and the Debtor's employer or the Debtor shall pay to the Trustee the sum of **$1,372.00** (monthly) for **56** months for a total plan length of 60 months. As of 11-19-2025, for Months 1-4, the Debtor has paid a total of $1,600.

**III.** **Plan Distribution:** From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

1. **Priority Claims:** Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507

   a. Debtor's Counsel Fees: $5,000 of which **$4,753.00** to be paid through the plan.

b. Priority Taxes:

i. Internal Revenue Services (2022-2024): **$1,535.38**

c. Child Support: Payments to **Brooke Edwards** to continue payment through payroll deduction of Debtor.

d. Student Loans: __________________ ($__________) to be paid direct by Debtors.

2. **Secured Claims:**

Pro rata with

**Or Subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:**

**a.** Long term or mortgage debt – Real property located at: **606 Red Timber Lane, Smyrna DE 19977.** - PRE-PETITION ARREARAGE ONLY, to be paid to **U.S. Bank Trust National Association/Selene Finance LP** in the amount of **$19,298.46** for total pre-petition arrears.

Debtor shall continue to make regular post-petition payments directly to **U.S. Bank Trust National Association/Selene Finance** starting with July 2025 payment. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

b. Long term or mortgage debt – Subordinate Mortgage - Real property located at: **606 Red Timber Lane, Smyrna DE 19977.** - **Delaware State Housing Authority** ($5,033.00) – Debtor shall continue to adhere to the terms of the subordinate mortgage and no payments shall be made through this Plan. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

c. Long term or mortgage debt – Subordinate Mortgage - Real property located at: **606 Red Timber Lane, Smyrna DE 19977.** – **United States Department of Housing and Urban Development** ($31,374.70) – Debtor shall continue to adhere to the terms of the subordinate mortgage and no payments shall be made through this

Plan. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

d. Secured Vehicle Debt (Cramdown): NONE

e. Secured Vehicle Debt (910 Car Claim) – NONE

f. Other Secured Debt: **Woodlawn Manor Homeowners Association**: Payment in the amount of **$4,073.65** to be paid through this plan for unpaid homeowner's associations assessments.

3. **Surrender of Collateral and Co-Debtor Relief:**

a. Debtor(s) surrenders secured collateral ______________________ to ______________________. Debtor (s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. Section 362 is terminated as to the property and any interest in the property effective immediately on confirmation of this Plan. Claims, if any submitted by such creditor may receive a distribution under the Plan I such claims reflect an applicable deficiency balance remaining following surrender.

b. Co-Debtor relief under 11 U.S.C. Section 1301 is granted effective immediately upon confirmation of the Plan as to the surrendered property listed in 3(a).

**IV.** **Unsecured Claims:** Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

General unsecured creditors will be paid

a. a dividend of 100% of their allowed claim, or

b. a pro-rata dividend of $____________ BIOC, or

**X** c. $40,922.56 which is approximately 100% of allowed unsecured claims. Disp. Income x 60 months as calculated under Section 1325(b), or

d. a pro-rata dividend from the base plan, if any.

**V.** **Leases or Executory Contracts:** The following leases or executory contracts of the Debtor will be treated as follows:

**1.** N/A

**VI. Vesting of Property:** Title to Debtor's property shall revest in the Debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee. Unless otherwise ordered, upon conversion of the case to Chapter 7 all undistributed plan payments received from Debtor's post-petition wages shall be refunded to the Debtor. Upon dismissal, unless otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

**VII. Nonstandard Provisions:** Any other nonstandard provision placed elsewhere in this plan is void.

**VIII. Filing Proof of Claim Required:** A proof of claim must be filed in order to share in distributions under the plan. A proof of claim may be filed either electronically or as paper. To file an electronic claim, go to the website www.deb.uscourts.gov and client on "File a Claim: and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file paper claim, go to the website www.uscourts.gov and click on "Services and Forms, the click on Bankruptcy Forms, then Select B410-Proof of Claim. Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

/s/ Debtor Signed Prior Plan on File — 11/19/2025
Debtor's Signature — Date

**The undersigned certifies that this plan contains no nonstandard provision other than as set forth in paragraph VI above.**

/s/ Cynthia L Carroll — 11/19/2025
Cynthia L. Carroll, Esquire — Date

10/22/25: Amended to include the IRS, increase amount of mortgage arrears, decreased amount to unsecured creditors based on the filed POCs.

11/19/25: Amended to increase the amount owed to Woodland Manor.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Aaron R. Freeman, | ) | Case No.: 25-11315 (BLS) |
| | ) | |
| Debtor. | ) | |

**2nd AMENDED CHAPTER 13 PLAN ANALYSIS**

Debtors: Aaron R. Freeman ______________ Case No.: 25-11315 (BLS)

Prior: Bankruptcy ( ) Chapter 13 ( ) Date:

Estimated Length of Plan: 60 months Trustee Use:

§341 Meeting Date:________ Continued:_______________

Confirmed Date: __________

TOTAL DEBT PROVIDED FOR UNDER
THE PLAN AND ADMINISTRATIVE EXPENSES

| | |
|---|---|
| Total Priority Claims (Class One) | $ 6,288.38 |
| Unpaid attorney's fees | $ 4,753.00 |
| Taxes | $ 1,535.38 |
| Other | $___________ |
| | |
| Total of Payments to Cure Defaults (Class Two) | $ 19,298.46 |
| Total of Payments on Secured Claims (Class Three) | $ 4,073.65 |
| Total of Payments on Unsecured Claims (Class Four) | $ 40,922.56 |
| Sub-total | $ 70,583.05 |
| Total Trustee's Compensation (10% of debtor's payments) | $ 7,842.56 |
| Total Debt and Administrative Expenses | $ 78,425.61 |

---

RECONCILIATION WITH CHAPTER 7

Interest of Class Four Creditors If Chapter 7 Filed

1. Value of Debtor's Interest in Non-exempt Property $___________
2. Plus: Value of Property Recoverable Under Avoiding powers $___________
3. Less: Estimated Chapter 7 Administrative Expense $___________
4. Less: Amounts Payable to Priority Creditors other than costs of administration $___________

5. Equals: Estimated Amount Payable to Class Four Creditors if Chapter 7 Filed (if negative, enter zero) $___________
   Estimated Dividend Under Plan $___________

/s/ Debtor Signed Prior Plan on File 11/19/2025
Debtor's Signature Date

/s/ Cynthia L Carroll 11/19/2025
Cynthia L. Carroll, Esquire Date

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Aaron R. Freeman | ) | Case No. 25-11315 (BLS) |
| Debtor. | ) | |

**CERTIFICATION OF COUNSEL**

I, Cynthia L. Carroll, Esquire, hereby states the following:

1. On July 9, 2025, the Debtor filed the above-captioned Chapter 13.
2. Debtor received a letter stating he owed more money to Woodland Manor Homeowners Association.
3. Debtor is filing a 2nd Amended Plan, to be confirmed on November 24, 2025, calling for a plan payment of $1,372.00 per month for the remaining 56 months out of a total 60-month plan.
4. The rights of no other creditors are being affected by this plan.

Respectfully Submitted,

**CYNTHIA L. CARROLL, P.A.**

/s/ Cynthia L. Carroll, Esquire

Cynthia L. Carroll, Esquire
262 Chapman Road, Suite: 108
Newark, DE 19702
(302) 733-0411 (Telephone)
(302) 733-0511 (Facsimile)
Attorney for Debtor

DATED: November 19, 2025

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Aaron R. Freeman | ) | Case No. 25-11315 (BLS) |
| Debtor. | ) | |

**CERTIFICATE OF SERVICE**

---

I, Cynthia L. Carroll, Esquire, hereby certify that on the 19th day of November 2025, a copy of the foregoing 2nd Amended Chapter 13 Plan and Certificate of Counsel was served electronically via the Court's CM/ECF filing system or email upon the following:

William F. Jaworski, Jr.
Office of the Chapter 13 Trustee
824 N Market Street, Suite 1002
Wilmington DE 19801
wjaworski@ch13de.com

Woodland Manor Homeowners Association
Edward J. Fornias, III
615 W 18th Street, Lower Level
Wilmington, DE 19802
ej@forniaslaw.com
VIA EMAIL

Date: November 19, 2025

/s/ Cynthia L Carroll
Cynthia L. Carroll, Esquire
Attorney for Debtor